

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-3841
Re: Does the county or district
clerk have the legal authority
to invest the trust fund of
any person or persons in securi-
ties of the United States
Government?

If so, is it contingent upon
the agreement of the Judges
of the courts from which the
funds were ordered placed in
trust?

Your letter of July 5, 1941, requesting an opinion
of this department upon the above stated questions has been
received.

We quote from your letter as follows:

"Will you kindly render me an opinion rela-
tive to the investments of the Trust Funds in
charge of the County and District Clerks?

"1. Does the County or District Clerk have
the legal authority to invest the trust fund of
any person, or persons, in securities of the
U. S. Government?

"2. If in your opinion the Clerks have
this right is it contingent upon the agreement of
the Judges of the Courts from which the funds
were ordered placed in trust?

"In many instances the funds belong to minors
and it will be many years before they will get

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. A. Hodges, Page 2

control of the funds, thus no increase in
the principal as the Banks do not pay in-
terest on the deposits, but if invested in
government securities there would be an in-
crease by interest accruals, thus be a
financial benefit."

Section 4 of Article 2558a, Vernon's Annotated Civil
Statutes, provides as follows:

"As soon as said depository has quali-
fied as provided by law and has been approved
by the Commissioners Court, said Court shall
make and enter an order upon the minutes,
designating such banking corporation, associa-
tion, or individual banker as County Deposi-
tory for Trust Funds until the designation
and qualification of a successor, and there-
upon it shall be the duty of the County and
District Clerks of such county to deposit all
Trust Funds in their possession with said
depository in the manner hereinafter provided;
provided, in the event, a new depository has
not been selected and qualified by April 15th
succeeding the term of Court at which a deposi-
tory is required to be selected as required
by this Act, then the term of such depository
shall end and all Trust Funds due or on deposit
shall be paid to the Clerk in whose name the
account is carried."

Your attention is further directed to the various
other sections of Article 2558a, supra, regarding the transfer
of funds to a new depository, withdrawal of deposits by check,
duty to deposit Trust Fund account, and various other provi-
sions regarding various conditions as set forth in such chap-
ter.

We do not think that Section 1 and Section 1a of
Article 842a, Vernon's Annotated Civil Statutes, authorize
the district and county clerks to invest the trust funds in
their possession in the various securities mentioned therein.
We have made a careful search of the statutes and have failed
to find any statute authorizing the district and county
clerks to invest the trust funds in their possession in any
securities of the United States Government or any other securi-
ties of any other nature. We do not think that a district

Honorable H. A. Hodges, Page 3

clerk or a county clerk has any power to invest trust funds which are in his possession unless such power has been expressly or impliedly conferred upon him by the laws of this State. Therefore, we respectfully answer your first question in the negative.

As we have answered your first question in the negative, your second question becomes moot and requires no answer.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 16, 1941

By Ardell William

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:CO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN